O

# United States District Court
# Central District of California

| | |
|---|---|
| DANIEL E. VARGAS,<br><br>          Plaintiff,<br><br>    v.<br><br>JP MORGAN CHASE BANK, N.A.;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMES, INC.;<br>CITIBANK, N.A.; WILMINGTON<br>TRUST, N.A.; CALIFORNIA<br>RECONVEYANCE COMPANY; DOES<br>1-10, INCLUSIVE,<br><br>          Defendants. | Case No. 5:14-cv-00859-ODW(JCGx)<br><br>**ORDER GRANTING DEFENDANTS JP MORGAM MORGAN CHASE BANK, N.A. AND CALIFORNIA RECONVEYANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [6]** |

## I. INTRODUCTION

Plaintiff Daniel Vargas filed suit against Defendants JP Morgan Chase Bank, N.A. ("CHASE") and California Reconveyance Company ("CRC") for violation of the Truth in Lending Act ("TILA") and California's Unfair Competition Law ("UCL") for failing to disclose the assignment of his mortgage. CHASE and CRC filed a motion dismiss for failure to state a claim under TILA as Vargas did not allege that either party was a "creditor"—and thus that TILA does not apply to them.

Additionally, Defendants argue that all claims arising from the 2011 assignment are time-barred.

For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss.[1] (ECF No. 6.)

## II. FACTUAL BACKGROUND

On March 28, 2006, Vargas executed a non-negotiable promissory note and security interest in the form of a $1,000,000.00 Deed of Trust, document number 2006-0242018 in the Official Records of Riverside County. (Compl. ¶¶ 14-15.)

On September 05, 2011, Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") transferred its creditor rights in Vargas's Deed of Trust to Defendant Citibank, N.A. ("CITI") by an Assignment of Deed of Trust ("Assignment 1"). (*Id.* ¶ 17.) CRC recorded Assignment 1 on September 23, 2011. (*Id.* ¶ 28.) Plaintiff did not receive written notice of the assignment. (*Id.* ¶ 18.) On August 5, 2013, Defendant CITI transferred its creditor interest in the Plaintiff's Deed of Trust to Defendant Wilmington Trust, N.A. ("WTNA") by a Corporate Assignment of Deed of Trust ("Assignment 2"). (*Id.* ¶¶ 19–20.) CHASE recorded Assignment 2. (*Id.* ¶ 29.) Plaintiff did not receive written notice of this assignment either. (*Id.* ¶ 21.)

On April 30, 2014, Vargas filed this action against Defendants CHASE, CRC, and several others for violations of TILA, 15 U.S.C § 1641(g), and California Business and Professions Code section 17200. (EFC No. 1.) Defendants CHASE and CRC jointly filed a motion to dismiss for failure to state a claim. (EFC No. 6.) That Motion is now before the Court for decision.

## III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

Defendants move to dismiss all the claims against CHASE and CRC. The Court finds that there is no plausible, legal basis for a claim against CHASE or CRC under TILA as the parties were mere servicers and the claim is time-barred. Additionally, without a sufficient underlying claim, Vargas's claim for unlawful business practices must also be dismissed.

/ / /

### A. TILA claims

Defendants move to dismiss the claims against CHASE and CRC brought under 15 U.S.C. § 1641(g). The Court finds that § 1641(g) does not apply to CHASE or CRC as they were not creditors or assignees of the mortgage. Additionally, the § 1641(g) claims arising from the 2011 assignment are time-barred as Vargas has failed to establish equitable tolling.

*1. Applicability of TILA*

CHASE and CRC move to dismiss the Complaint for failure to state a claim under TILA. Under TILA, an individual has a private cause for action against any creditor who violates 15 U.S.C. § 1641(g)'s disclosure requirements. 15 U.S.C. § 1640(a). Subsection 1641(g) requires that any new creditor or assignee of the debt in question notify the borrower, in writing, of the transfer or assignment of the loan. 15 U.S.C. § 1641(g). Section 1641 is a limited liability statute. Each subsection of 15 U.S.C. § 1641 applies only to "entities who are *purchasers or assignees* of mortgages." *Gale v. First Franklin Loan Servs.*, 701 F.3d 1240, 1244 (9th Cir. 2012).

The Ninth Circuit has clarified that mere servicers are not subject to the disclosure provisions of subsection 1641(g). *Id.* A "servicer" under this code section includes the person responsible for "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan." 12 U.S.C. § 2605; *see* 15 U.S.C. § 1641(f)(3). Under § 1641, a servicer is only treated as an assignee if the servicer also owned or owns the obligation in question. 15 U.S.C. § 1641(f).

Defendants contend that Vargas fails to allege that CHASE and CRC are creditors under TILA. (Mot. 4.) Additionally, the Defendants suggest that the facts actually pleaded in the Complaint support dismissal as Vargas alleges the Defendants were only servicers. (*Id.* 5.) In contrast, Vargas argues that he clearly and sufficiently alleged the necessary facts to show that TILA applies to Defendants. (Opp'n 3.) Vargas also contends that he properly alleged that CHASE was a new creditor and thus subject to § 1641(g). (*Id.* 2.)

The Court finds that Vargas's TILA claims fail as a matter of law because § 1641(g)'s disclosure requirements do not apply to mere servicers. In the Complaint, only paragraphs six and 28 directly allege any specific facts against CRC. Vargas identifies CRC as a "purported foreclosure mortgage trustee" and alleges that CRC recorded Assignment 1 on the "behalf of Defendant MERS." (Compl. ¶¶ 6, 28.) These allegations do not provide CRC with notice of the legal basis of the claims against it and provide no indication of what specific acts are at issue. Unlike the clear allegations against CITI and WTNA, who are identified as successors in interest, Vargas fails to allege facts showing that CRC had a disclosure duty and failed in that duty. (*See id.* ¶¶ 30–32.) Furthermore, Vargas neglected to address the lack of specific pleadings against CRC in his Opposition. (*See* Opp'n 2–3.) Vargas has not alleged any facts to show that CRC was a creditor or purchaser of the loan or that CRC otherwise held a duty to disclose under TILA and therefore failed to sufficiently plead a TILA claim against CRC.

Similarly, the factual allegations against CHASE are limited to paragraphs five and 29. Vargas identifies CHASE as "the purported servicer" and alleges that CHASE "recorded" Assignment 2. (Compl. ¶¶ 5, 29.) The Corporate Assignment of Deed of Trust, dated August 5, 2013, reinforces that CHASE was a mere servicer of the loan. The Deed of Trust explicitly identifies CHASE as the entity "responsible for receiving payments," a servicer, and WTNA as the new assignee. (Opp'n Ex. A.) Vargas's argument that CHASE is a creditor is supported by neither the Complaint nor the additional documents provided in the Opposition. Vargas positively alleged that CHASE is a servicer. (Compl. ¶ 5.) However, he failed to allege any facts to show that CHASE was also an assignee or purchaser. Section 1641 does not apply to mere servicers. As such, the TILA disclosure requirements do not apply to CHASE.

For the reasons above, the Court finds that Vargas failed to state an actionable TILA claim against CHASE and CRC because they are mere servicers not subject to

/ / /

TILA's disclosure requirements. Thus, the Court **GRANTS** Defendants' Motion to Dismiss the TILA claims **WITHOUT LEAVE TO AMEND**.

### 2. *Statute of limitations*

Alternatively, Defendants move to dismiss the TILA claims arising from Assignment 1 as time-barred by the statute of limitations. A district court may dismiss a claim if the running of the statute of limitations is apparent on the complaint's face and if "the assertions of the complaint, read with the required liberty, would not permit the plaintiff to prove that the statute was tolled." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

The statute of limitations for violations of 15 U.S.C. § 1641 is one year and commences at "the consummation of the transaction." 15 U.S.C. § 1640(e); *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). In certain circumstances, the Ninth Circuit allows equitable tolling to temporarily suspend the limitations period until there has been "reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 915. The district court may "evaluate specific claims of fraudulent concealment" and adjust the limitations period when "the general rule would be unjust." *Id.* Equitable tolling may be appropriate when the party is unable to obtain "vital information" on the claim "despite all due diligence." *Socop-Gonzalez v. I.N.S.*, 272, F.3d 1176, 1193 (9th Cir. 2001).

A plaintiff seeking equitable tolling must allege "specific facts explaining the failure to learn the basis for the claim within the statutory period." *Pedersen v. Greenpoint Mortg. Funding, Inc.*, 900 F. Supp. 2d 1071, 1079 (E.D. Cal. 2012). A plaintiff cannot simply rely on the same factual allegations to both show a violation of the federal statute and to toll the limitations period of that statute. *Jacon v. Aurora Loan Servs.*, No. 10-1789 SC, 2010 WL 2673128, at *3 (N.D. Cal. July 2, 2010). Generally, equitable tolling applies when there is an "excusable delay" by the plaintiff. *Rodriguez v. JP Morgan Chase & Co.*, 809 F. Supp. 2d 1291, 1298 (S.D.

1 Cal. 2011) (granting a motion to dismiss when the plaintiffs did not allege that they did anything to discover the claims or that something prevented them from investigating during the limitations period).

Defendants argue that equitable tolling does not apply to the TILA claims arising from Assignment 1 as the section is a statute of repose. (Mot. 6.) For this proposition, Defendants rely heavily on their reading of *Miguel v. Country Funding Corp.*, 309 F.3d 1161 (9th Cir. 2002). (*Id.*) However, the Defendants' reliance is greatly misplaced. In *Miguel*, the Ninth Circuit explained that 15 U.S.C. § 1635(f), which creates a right of rescission under TILA, is a statute of repose. 309 F.3d at 1165. The court clearly stated that the one-year filing time provided in § 1640(e) was not at issue. It is well settled that § 1640 is a statute of limitations—not a statute of repose. *See King*, 784 F.2d at 915. In contrast, Vargas argues that the TILA claims for Assignment 1 are subject to equitable tolling and should not be dismissed. (Opp'n 3–4.) Vargas's chief argument for tolling is that the Assignment documents are unduly confusing. (*Id.* at 4.)

The Court finds that Vargas's claims arising from the 2011 assignment are time-barred. It is apparent on the face of the Complaint that the one-year limitations period has run. The alleged failure to disclose Assignment 1 occurred in September 2011; but Vargas did not file his Complaint until April 30, 2014—well outside the one-year mark. (Compl. ¶¶ 28, 31.)

Vargas failed to plead sufficient facts to show a plausible equitable-tolling issue. Vargas alleged that "he could not have, with reasonable diligence, discovered [the change in ownership] because he did not receive a copy of the [deed-of-trust assignement] as required by law." (*Id.* ¶ 34.) However, this allegation does little more than restate the alleged failure to disclose. Not receiving a copy of the assignment is the very heart of the underlying TILA claim. Vargas must provide facts independent of the disclosure violation to show equitable tolling.

/ / /

Even accepting Vargas's claims that the Notice of Default and Notice of Trustee Sale as too "confusing," Vargas has not alleged any facts that suggest he was prevented in any way from investigating who the appropriate assignee of his loan was. Vargas alleged no specific acts of due diligence, that he did anything to discover the claim, or that he was prevented in any way from investigating the claim. (*See id.* ¶¶ 33–38.) Vargas has done no more than state legal conclusions.

Equitable tolling is the exception, not the general rule. To allow tolling whenever a plaintiff alleges improper disclosure would render the TILA limitations period completely meaningless. *Jacon*, 2010 WL 2673128 at *3. Vargas has provided no factual basis outside the alleged TILA violation to trigger a tolling of the statutory one-year limitations period. As such, equitable tolling does not apply. The Court finds that the claims arising from Assignment 1 are time-barred and **GRANTS** the Defendants' Motion to Dismiss **WITHOUT LEAVE TO AMEND**.

**B.     UCL claims**

CHASE and CRC also move to dismiss the claims under the UCL for failure to state a claim of relief. (Mot. 7–9.) In the Complaint, Plaintiff alleges that Defendants violated the unfair-competition provision of the UCL. (Compl. ¶¶ 41–45.)

The UCL prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code. § 17200. An "unlawful" practice includes all business practices "forbidden by law." *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186 (E.D. Cal. Nov. 1, 2013) (quoting *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838 (Ct. App. 1994)). The statute provides a cause for action for violations of any other law as an unlawful practice. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1990). However, this makes the UCL claim dependent on the underlying allegations. If unable to state a claim for the underlying offense, the plaintiff similarly cannot state a claim under UCL for unlawful practices. *Herrejon*, 980 F. Supp.2d 1186; *see also Kranz v. BT Visual Images, LLC*, 89 Cal.

/ / /

App. 4th 164, 178 (Ct. App. 2001) (stating that section 17200 claims "rise or fall depending on the state of the antecedent substantive causes of action").

Defendants argue that Vargas does not have standing under the UCL as he did not sufficiently plead the underlying offenses. Alternatively, Defendants argue that Vargas did not plead sufficient damages under UCL to have standing for the claim. In contrast, Vargas argues that the allegations incorporated into the second claim are sufficient to satisfy the well-pleaded complaint rule.

Vargas failed to plead sufficient facts to establish a plausible claim for relief under the UCL. Vargas based his claim for unfair-competition practices on the allegation that the Defendants' actions (1) were illegal and thus, unlawful under California Civil Code section 1667 and (2) "were injurious to the Plaintiff and to the public at large." (Compl. ¶¶ 42–43.) However, Vargas's allegations are insufficient for two reasons: Vargas failed to distinguish claims between the defendants and he failed to allege an underlying unlawful act to support his UCL claim.

Vargas's Complaint is rife with examples of "lump" or "group" pleading, but the most egregious use of lump pleading occurs in his allegations regarding the UCL. (*Id.* ¶¶ 41–45.) Vargas fails to identify a single defendant specifically whose actions violate the UCL. Vargas does no more than state legal conclusions in the form of factual allegations. (*See id.* ¶ 41–43.) Vargas's Complaint contains no specific or generalized facts to indicate how the UCL was violated. Mere "labels, conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555.

Additionally, Plaintiff fails to state an alternative legal basis for the UCL claim against CHASE and CRC. In the Complaint, Vargas alleges that the Defendants' business practices constitute a UCL violation because they are unlawful. (Compl. ¶¶ 41–42.) However, Plaintiff did not plead any additional grounds for a violation of section 17200. There are no factual allegations to support a preservation of the unfair practices claim under either of the additional prongs. Because the underlying offenses

that Plaintiff alleges makes the Defendants' action unlawful must be dismissed, Plaintiff cannot sufficiently plead a UCL claim based on unlawfulness. The Court finds that that Vargas failed to plead sufficient grounds to support a plausible claim for relief under California Business & Professional Code section 17200 and **GRANTS** the Defendants' Motion to Dismiss **WITHOUT LEAVE TO AMEND**.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss and dismisses all claims against Defendants CHASE and CRC **WITHOUT LEAVE TO AMEND**. (ECF No. 6.) The case will continue as to the remaining defendants only.

**IT IS SO ORDERED.**

July 11, 2014

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**